LIBERTY & FREEDOM
LEGAL GROUP, LTD

MEMO ENDORSED

**VIA ECF**

Hon. Andrew L. Carter
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: *Cornett et al. v. Aviles-Ramos et al.*, 25-cv-07244 (ALC)**

Dear Judge Carter:

As you may recall, the undersigned represents the Plaintiffs in the above-referenced matter, brought under the Individuals with Disabilities Education Act ("IDEA"). In accordance with Your Honor's Individual Practices, Plaintiffs respectfully request permission to file the Certified Record of the underlying administrative proceedings under seal.

In any action brought under 20 U.S.C. § 1415(i)(2), the Court, *inter alia*, shall receive the records of the administrative proceedings. *See* 20 U.S.C. § 1415(i)(2)(C)(i). Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

One such competing interest weighing against disclosure is "the privacy interests of those resisting disclosure.'" *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *see also Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) ("Certainly, the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure of the Title III material should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted.").

"Documents may be sealed if specific, on-the-record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *Matter of New York Times Co.*, 828 F.2d at 116). Courts often permit filings under seal in IDEA actions to protect the privacy interests of minor plaintiffs. *See e.g.*, *J.L. on behalf of J.P. v. New York City Dept. of Educ.*, No. 17CV7150PACKHP, 2024 WL 291218 (S.D.N.Y. Jan. 25, 2024). IDEA record information, including Plaintiff's medical and other sensitive information, is

of the kind often made subject to a sealing order for its especially confidential nature. *McGuirk v. Swiss Re Fin. Servs. Corp.*, No. 14 Civ. 9516, 2015 U.S. Dist. LEXIS 197814, at *2 (S.D.N.Y. Mar. 30, 2015).

Here, the Certified Record is voluminous and contains confidential and personally identifiable details about L.G., including particularly sensitive information regarding his health and education. The disclosure of such information is protected by 20 U.S.C. § 1415(a), which aims to "ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free and appropriate public education by state and local agencies."

A "child with a disability" is a child evaluated under the IDEA's regulations and identified as needing special education and related services. 42 C.F.R. § 300.8(a)(1). L.G. is a "child with a disability" under this definition, as he still requires and receives specialized education services under the IDEA. *Id.*; 20 U.S.C. § 1412(a)(1).

Children with disabilities and their parents have a right to the "confidentiality of any personal identifiable data, information, and records," as stated in 20 U.S.C. § § 1415(h)(4) and 1417(c). Thus, protecting the disclosure of this highly sensitive information is a compelling interest that weighs in favor of sealing the Certified Record in the underlying proceedings. Sealing the Certified Record is also narrowly tailored to satisfy that interest. Although redaction is theoretically an alternative, it would be overly burdensome, as the Certified Record totals over 650 pages and is replete with confidential information.

Further, the information that needs to be redacted is L.G.'s private information, including his health status, disabilities, and the health and educational services he requires to be provided a free and appropriate public education under the IDEA, 20 U.S.C. § 1440 et seq. ("IDEA"). This information is crucial for a comprehensive understanding and evaluation of the merits of this action. For example, an evaluation of the merits of this action will require Your Honor to review the Individualized Education Program ("IEP") that Defendants created for Plaintiff J.B. and the educational plan prepared by the unilateral placement to ascertain whether nursing was a required service of L.G.'s educational and health needs for the unilateral placement. Redacting those health and educational needs would render the information unintelligible and useless for evaluating this action.

Because sealing the Certified Record is the only way for the Court to both protect Plaintiff's compelling privacy interests and to fully evaluate this action based on the Record, Plaintiff should be permitted to submit it under seal. Counsel for Plaintiffs contacted Defendants' counsel regarding their position on this motion, and they have agreed to filing the Certified Record under seal.

The Plaintiff thanks the Court for its courtesy and consideration in this matter.

Respectfully submitted,

*Jeffrey Arlen Spinner*

Jeffrey Arlen Spinner, Esq.

SO ORDERED: Andrew L Carter Jr

September 8, 2026

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE